# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Moath Benyamen Youse Asfour,** *Plaintiff* | § § § | |
| v. | § § | No. 1:25-cv-01898-ADA-SH |
| **Uber Technologies Inc.,** *Defendant* | § § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ALAN D ALBRIGHT**
    **UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Moath Benyamen Youse Asfour's Complaint (Dkt. 1) and Motion to Proceed *In Forma Pauperis* (Dkt. 2), both filed November 21, 2025.[1]

### I.   Application to Proceed *In Forma Pauperis*

Asfour seeks leave under 28 U.S.C. § 1915(a)(1) to file his Complaint without having to prepay the filing fee or costs. Dkt. 2. Under § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if he shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

After reviewing his application, the Court finds that Asfour cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** him *in forma pauperis*

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or if, under § 1915(e)(2), the action is found to be frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against an immune defendant. The Court also may impose costs of court against Asfour at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.   Frivolousness Review Under Section 1915(e)(2)

Because Asfour has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under § 1915(e)(2). A district court shall dismiss a complaint filed *in forma pauperis* if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes the pleadings of litigants who, like Asfour, proceed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a plaintiff's *pro se* status offers "no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States" and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the

parties. 28 U.S.C. §§ 1331, 1332. It is presumed that a case lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Asfour seeks to enforce an arbitration agreement with Defendant Uber Technologies Inc. Dkt. 1. He alleges that Uber violated a written agreement with him by deactivating his Uber Driver account without valid justification. *Id.* at 1. Asfour alleges that he sought to arbitrate the dispute pursuant to a binding arbitration agreement, but Uber "refused to participate and declined to proceed." *Id.* at 1.

Asfour brings this lawsuit under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, to compel Uber to arbitrate the dispute. *Id.* at 1-2. But the FAA does not create an independent basis for federal subject matter jurisdiction. *Kottke v. Midland Credit Mgmt., Inc.*, No. 1:24-CV-01509-DII, 2024 WL 5398816, at *2 (W.D. Tex. Dec. 11, 2024) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). Under § 4, a district court can entertain a petition to compel arbitration if the court would have jurisdiction, "save for [the arbitration] agreement," over "a suit arising out of the controversy between the parties." *Vaden v. Discover Bank*, 556 U.S. 49, 53 (2009). The court may "look through" the petition to the substantive controversy between the parties. *Id.* There must be diversity of citizenship between the parties or an independent federal question within the underlying dispute before the court can compel arbitration. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25 n.32.

Asfour relies on diversity of citizenship jurisdiction to establish subject matter jurisdiction, but he seeks only $20,000 in damages. Dkt. 1 at 2. "[T]he amount stated in the complaint is itself dispositive of jurisdiction if the claim is apparently made in good faith." *Scarlott v. Nissan N. Am.,*

3

*Inc.*, 771 F.3d 883, 888 (5th Cir. 2014). Because the amount in controversy alleged on the face of the complaint does not exceed $75,000, the Court lacks subject matter jurisdiction.

### III.   Order

The Court **GRANTS** Plaintiff Asfour's Motion to Proceed *In Forma Pauperis* (Dkt. 2).

### IV.   Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS without prejudice** Asfour's claims under 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction.

The Court **FURTHER ORDERS** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

### V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 9, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4